**Salem**

RUTH ELLEN WELLS

v.

COMMONWEALTH OF VIRGINIA

No. 0993-85

Decided August 5, 1986

550

COUNSEL

Alton B. Prillaman (Jolly, Place, Fralin & Prillaman, P.C., on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, C.J.**—Ruth Ellen Wells was tried and convicted by a jury of possession of marijuana with intent to distribute and her punishment was fixed at confinement in jail for five months and a fine of $1,000. In this appeal, the issue is limited to the sufficiency of the evidence to show intent to distribute marijuana.

On November 13, 1984, officers of the Roanoke City Police Department executed a search warrant at the apartment of Nancy Meadows. This apartment was occupied by Meadows and her two small children. Wells, a friend and frequent visitor of Meadows, was present when the officers entered the apartment. While other officers searched the apartment, one stayed in the living room filling out information cards about the two women. During this process and not in response to any question from the officer, Wells stated: "What you find back there is mine."

Subsequently, in what was described as an adult's bedroom, the police found a brown bag in a dresser drawer. This bag contained seven sandwich baggies, each containing ten baggie corners, for a total of seventy plastic corners containing marijuana. The total weight of the marijuana was 4.2 ounces. The evidence established

that the total value of the marijuana was $700. No unusual amounts of money or marijuana related paraphernalia were found during the search of the apartment or on the person of Wells upon her arrest.

At the conclusion of the Commonwealth's evidence, Wells moved to strike the evidence on the ground that it was insufficient to prove possession with intent to distribute. The motion was overruled. Wells presented no evidence and renewed her motion to strike the evidence. This motion was also overruled. This was error and we reverse.

On well established principles, we review the evidence on appeal in the light most favorable to the Commonwealth. Where, as here, the Commonwealth's evidence of intent to distribute is wholly circumstantial, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." *Inge* v. *Commonwealth*, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976).

Wells concedes that the evidence was sufficient to prove that she possessed the marijuana. This case therefore presents the question whether the facts proven by the Commonwealth establish intent to distribute rather than mere possession for personal use. In *Dukes* v. *Commonwealth*, 227 Va. 119, 313 S.E.2d 382 (1984), the Supreme Court dealt with this question and reviewed some of the prior cases establishing guidelines for its determination.

> When the proof of intent to distribute narcotics rests upon circumstantial evidence, the quantity which the defendant possesses is a circumstance to be considered. Indeed, quantity, alone, may be sufficient to establish such intent if it is greater than the supply ordinarily possessed for one's personal use. However, possession of a small quantity creates an inference that the drug was for the personal use of the defendant.

*Id.* at 122, 313 S.E.2d at 383 (citations omitted).

The Supreme Court in *Dukes* also recognized that the absence of paraphernalia, evidence that the defendant used marijuana, evidence of the method of packaging the marijuana and the absence of unusual amounts of money may all be consistent with

the hypothesis of possession for personal use under the facts of a particular case.

The Commonwealth relies heavily on *Colbert* v. *Commonwealth*, 219 Va. 1, 244 S.E.2d 748 (1978), to support its position that the evidence was sufficient to establish that Wells possessed the marijuana with intent to distribute. In *Colbert,* the evidence showed that a fight had erupted at the rear of a van parked on the grounds of a rock concert. Later that night, this van was observed on the grounds of a nearby elementary school and the police discovered the defendant in possession of five "nickel bags" of marijuana and a large plastic bag containing "some residue." In addition, the defendant had on his person "over $200 in $10's, $20's and $1's and $5's" which "wasn't folded up or anything together, but it was stuffed down in [his pocket]." *Id.* at 3, 244 S.E.2d at 748-49. The Court concluded that the evidence was sufficient to establish possession with intent to distribute and said:

> In the first place, nothing in the record suggests that the defendant personally used marijuana. Second, the quantity involved is not necessarily indicative of a lack of intent to distribute; indeed, the jury might well have inferred that the quantity seized was what remained from a larger supply held for distribution. Third, the method of packaging does indicate an intent to distribute; from the evidence, the jury might reasonably have found that the marijuana in the "nickel bags" had been transferred from the large plastic bag to facilitate distribution. Finally, considering the foregoing matters along with the testimony concerning the money found "stuffed down" in the defendant's pocket, the jury reasonably could have concluded that the defendant had consummated numerous sales of marijuana at the rock concert.

*Id.* at 4, 244 S.E.2d at 749.

The facts in *Colbert* strongly suggest possession with intent to distribute and are strikingly dissimilar to those in the present case. In this case, the Commonwealth, by offering Meadows as its witness, established a reasonable inference that the marijuana possessed by Wells was for her personal use. No evidence of intent to distribute was produced by this witness based on activities within the apartment. In fact, Meadows testified that she did not know that the marijuana was there. Officer Day testified that the mode

of packaging was as consistent with purchase as with distribution. He further testified that while it was unusual to find this quantity for personal use, he did not testify that it was totally inconsistent with personal use over a period of time.

Additionally, no paraphernalia and no significant amounts of money were found relating to Wells in this case. Consequently, all of the circumstances are consistent with the hypothesis that she hid the marijuana in Meadows's apartment in the packages in which she had obtained possession of them for her personal use. Suspicion of guilt is not sufficient for a conviction. The Commonwealth had the burden to prove beyond a reasonable doubt intent to distribute and having failed to do so, Wells's conviction cannot stand.

Accordingly, we reverse the judgment of the trial court and remand the case for a new trial for possession of marijuana in violation of Code § 18.2-250.1, if the Commonwealth be so advised.

*Reversed and remanded.*

Coleman, J. and Moon, J., concurred.