COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Fitzpatrick
Argued at Alexandria, Virginia

TROY ANTHONY BURKE

MEMORANDUM OPINION[*] BY
v.  Record No. 1355-94-4              JUDGE JAMES W. BENTON, JR.
                                      SEPTEMBER 5, 1995
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                Herman A. Whisenant, Jr., Judge

        James P. Griffin (Griffin & Griffin, P.C.,
        on brief), for appellant.

        Steven Andrew Witmer, Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


    Troy Anthony Burke was convicted as a principal in the
second degree for (a) possession of cocaine with intent to
distribute, in violation of Code § 18.2-248, and (b) possession
of cocaine with intent to distribute on public property within
1,000 feet of a school, in violation of Code § 18.2-255.2.  He
contends on this appeal that the evidence was insufficient to
prove beyond a reasonable doubt that he was guilty as a principal
in the second degree.  For the reasons stated below, we reverse
the convictions.

                              I.

    The evidence proved that a police officer observed two
vehicles travelling at a high rate of speed and stopped one of
the vehicles 45 feet from a high school.  The officer told Burke,

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the driver of one of the vehicles, that he was under arrest for reckless driving and ordered Burke and Daniel Dixon, the passenger, to exit the vehicle. As the officer was conducting a search of Burke's person for weapons, he noticed a bulge in Burke's right front pants pocket and removed it. Burke began to struggle with the officer. During the struggle, the package landed in the street. It contained 2.83 grams of cocaine in a solid form. Burke yelled to Dixon "to go get the stuff." The officer told Dixon not to move, and he recovered the package. The officer searched the vehicle and found no paraphernalia that was consistent with drug distribution or use.

Burke testified that when the officer was approaching his vehicle, Dixon asked him "to hold [the package of cocaine] because he did not want to [be] charge[d]." Burke testified that he knew Dixon was "well known as a drug dealer," knew the package contained cocaine, and intended to return the package to Dixon. The trial judge found that Burke had accepted the package from Dixon and based upon that finding found Burke guilty as a principal in the second degree on both charges.

## II.

"A principal in the second degree is one who is not only present at a crime's commission, but one who also commits some overt act, such as inciting, encouraging, advising, or assisting in the commission of the crime or shares the perpetrator's criminal intent." Moehring v. Commonwealth, 223 Va. 564, 567,

- 2 -

290 S.E.2d 891, 892 (1982). In order to sustain a conviction as a principal in the second degree, the Commonwealth must prove that a principal in the first degree committed the underlying substantive offense. Fleming v. Commonwealth, 13 Va. App. 349, 352, 412 S.E.2d 180, 182 (1991); see also Sutton v. Commonwealth, 228 Va. 654, 665, 324 S.E.2d 665, 671 (1985). "In order for a person to be a principal in the second degree to a felony, the individual must 'know or have reason to know of the principal's criminal intention and must intend to encourage, incite, or aid the principal's commission of the crime.'" Jones v. Commonwealth, 15 Va. App. 384, 387, 424 S.E.2d 563, 565 (1992) (citing McGhee v. Commonwealth, 221 Va. 422, 427, 270 S.E.2d 729, 732 (1980)). "Where, as here, the Commonwealth's evidence of intent to distribute is wholly circumstantial, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Wells v. Commonwealth, 2 Va. App. 549, 551, 347 S.E.2d 139, 140 (1986) (citing Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)).

In order to sustain Burke's conviction as a principal in the second degree, the trial judge had to find beyond a reasonable doubt that Burke knew that Dixon intended to distribute the cocaine to others rather than keep it for his own personal use and that Burke intended to further this crime. No evidence in the record proves that hypothesis beyond a reasonable doubt.

The facts are sufficient to prove that Burke knew that the package contained cocaine and that he willingly aided Dixon by holding the package. However, the evidence does not prove beyond a reasonable doubt that Dixon had the requisite intent to distribute the cocaine. Although a narcotics detective estimated that 2.83 grams of cocaine had a "street value" of $700 to $1,000, his testimony did not exclude the hypothesis of personal use. The detective only testified that, in his experience, users of cocaine usually possess only $50 to $100 of rock cocaine at a time.

The cocaine was not packaged for distribution and, as such, was consistent with personal use. Dukes v. Commonwealth, 227 Va. 119, 123, 313 S.E.2d 382, 384 (1984). Furthermore, the absence of an unusually large amount of money is also a circumstance which tended to negate the intent to distribute. Id. Although quantity alone, when greater than the supply ordinarily possessed by a drug user, may be sufficient to support an intent to distribute, possession of a small quantity creates an inference that the drug was for personal use. Wells, 2 Va. App. at 551, 347 S.E.2d at 140. The officer did not testify that $700 worth of cocaine was an amount "totally inconsistent with personal use over a period of time." Id. at 553, 347 S.E.2d at 141. At best, the Commonwealth proved Burke's possession of cocaine. "Suspicion of guilt is not sufficient for a conviction. The Commonwealth had the burden to prove beyond a reasonable doubt

- 4 -

intent to distribute and having failed to do so, [Burke's] conviction cannot stand."  <u>Wells</u>, 2 Va. App. at 553, 347 S.E.2d at 141.

Accordingly, we reverse the convictions and remand to the trial court for a new trial on possession of cocaine, if the Commonwealth be so advised.

<u>Reversed and remanded</u>.