COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Annunziata
Argued at Richmond, Virginia


RODNEY MOSBEY, S/K/A
 RODNEY O. MOSBEY
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2184-93-2       JUDGE LARRY G. ELDER
                                        OCTOBER 17, 1995
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                   James F. D'Alton, Jr., Judge

          Mary Katherine Martin, Senior Assistant Public
          Defender (Office of the Public Defender, on
          brief), for appellant.

          Robert B. Beasley, Jr., Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Rodney O. Mosbey (appellant) appeals his convictions for (1)
possession of cocaine with intent to distribute after having been
previously convicted of the same offense, in violation of Code
§ 18.2-248 and (2) failing to stop his vehicle or offer
assistance at the scene of an accident, in violation of Code
§ 46.2-894.  While appellant argues the evidence was insufficient
to support either conviction, we disagree and affirm his
convictions.

                              I.

                            FACTS

     On April 16, 1993, Officers Carl Moore and Michael Elmore of

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the Petersburg Police Department observed a Chevrolet Blazer, driven by appellant, stationary in the middle of a street, five to ten feet from the intersection. Several persons were observed leaning into the windows on both sides of the vehicle. As the officers approached, the persons scattered from the vehicle, before it quickly accelerated. Officer Moore attempted to initiate a traffic stop of appellant's vehicle. Even though Officer Moore activated his vehicle's grill lights, visor lights, and siren, appellant attempted to evade the officer. A vehicle pursuit ended when appellant struck a railroad track.

Appellant then reversed his vehicle, striking the police car in the process. Officer Elmore's leg became trapped between the door and the frame of the police car, and the vehicle sustained heavy damage. Appellant thereafter exited his vehicle, ran across the hood of the police car, and began to flee on foot. As Officer Moore chased him, appellant jumped down an embankment and into the Appomattox River. While appellant swam across the river, Officer Moore observed four bags float from beneath appellant to the top of the water. Officer Moore recovered three bags, which contained smaller baggies of crack cocaine, but was not able to retrieve the fourth bag.

Police apprehended appellant when he swam back toward the shore. Officer Moore found an operational pager, which was turned on, at the river bank close to where appellant entered the river. A search of appellant turned up a fourth package containing twenty-five plastic baggies of cocaine.

2

Officer Christopher Lemire, an expert in the area of drug packaging and valuation, testified that each individual baggie was worth ten dollars as packaged; that crack cocaine purchasers usually possess no more than one or two baggies of crack cocaine; and that the "high" associated with the consumption of one ten dollar bag of crack cocaine lasts approximately twenty minutes.

Appellant testified he fled from the police because he lacked a driver's license and was carrying cocaine for his own personal use. Appellant stated that he was a cocaine addict who had smoked cocaine for the last seven to eight years; that although one could use up to 200 to 300 ten dollar packets of cocaine daily, the most he used was seventy; and that he could obtain cocaine for cheaper amounts of money if he bought it in bulk quantities. Appellant denied owning a pager.

A jury convicted appellant on both charges.

## II.

### POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE

Appellant concedes the evidence was sufficient to prove he possessed the cocaine. "This case therefore presents the question whether the facts proven by the Commonwealth established intent to distribute rather than mere possession for personal use." Wells v. Commonwealth, 2 Va. App. 549, 551, 347 S.E.2d 139, 140 (1986). After reviewing the record, we hold that sufficient evidence existed for the jury to find appellant guilty beyond a reasonable doubt of possessing cocaine with intent to

3

distribute.

On appeal, the evidence must be viewed in the light most favorable to the Commonwealth and be given all reasonable inferences fairly deducible therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  "The jury's verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it."  Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

In order to support appellant's conviction, the Commonwealth needed to prove beyond a reasonable doubt that he intended to distribute the cocaine that he possessed.  See Patterson v. Commonwealth, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975).  "The Commonwealth's evidence of appellant's . . . possession was based on circumstantial evidence.  It is well settled . . . that 'circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'"  Shurbaji v. Commonwealth, 18 Va. App. 415, 423, 444 S.E.2d 549, 553 (1994) (citation omitted).

We are reminded that "while no single piece of evidence may be sufficient [to prove intent], the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion." Id. (citations omitted).  Circumstances relevant to proof of

4

intent to distribute include the quantity of drugs possessed[1] and whether large quantities of a drug were packaged for distribution. Monroe v. Commonwealth, 4 Va. App. 154, 156, 355 S.E.2d 336, 337 (1987); see Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988) (circumstance proving intent to distribute includes the presence of a large, or bulk, quantity from which smaller packages may have been made up for distribution). Additionally, paraphernalia commonly used in drug distribution, such as pagers, may be considered. See Hetmeyer v. Commonwealth, 19 Va. App. 103, 111, 448 S.E.2d 894, 899 (1994).

In this case, the circumstantial evidence, considered as a whole and viewed in the light most favorable to the Commonwealth, excludes all reasonable hypotheses of innocence and is therefore sufficient to support the trial court's finding of guilt. The evidence shows appellant was parked stationary in the middle of a street surrounded by persons on both sides of the vehicle who fled when police approached. Appellant took extreme measures to elude the police, first by leading them on a high-speed chase in which their vehicles collided, and then by swimming across a river. Police recovered four large bags from appellant, each of which contained twenty-five individually wrapped, smaller baggies. Police also found an operational pager near appellant's

_____

[1] Even possession of a small quantity of a drug, "when considered with other circumstances, may be sufficient to establish an intent to distribute." Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988).

entry route into the river.

Expert testimony from Officer Lemire revealed (1) each baggie contained a "hit" of crack cocaine; (2) each baggie was the size normally sold on the street for ten dollars; (3) both the method of packaging and the quantity of appellant's cocaine were inconsistent with personal use; (4) most purchasers of crack cocaine possess no more than one or two "hits" of crack cocaine; and (5) appellant possessed a "large" amount of cocaine.[2]

While appellant provided explanations for his possession of the cocaine, his past personal usage, and how he acquired the cocaine in bulk quantities for personal use, it was within the jury's province to assess his credibility and the weight to be given his testimony. Servis, 6 Va. App. at 525, 371 S.E.2d at 165. The jury may have disbelieved appellant's testimony where it was inherently improbable or inconsistent with circumstances in evidence. Id.

### III.

### FAILING TO STOP AT SCENE OF AN ACCIDENT

We hold that sufficient evidence supported beyond a reasonable doubt appellant's conviction for misdemeanor failure to stop at the scene of an accident.

---

[2] The Commonwealth presented expert testimony on drug usage and packaging in order to comply with Hudak v. Commonwealth, 19 Va. App. 260, 263, 450 S.E.2d 769, 771 (1994), where we stated that expert testimony is necessary where a jury is confronted with issues that "cannot be determined intelligently from deductions made and inferences drawn on the basis of ordinary knowledge, common sense, and practical experience."

A misdemeanor conviction under Code § 46.2-894 requires the driver of any vehicle involved in an accident in which an attended vehicle is damaged to immediately stop and report the accident to the police or supply his name and other pertinent information to another driver involved in the accident. The Commonwealth has the burden of showing that the accused "possessed actual knowledge of the accident [] and such knowledge of injury [or property damage] which would be attributed to a reasonable person under the circumstances of the case." Kil v. Commonwealth, 12 Va. App. 802, 811, 407 S.E.2d 674, 679 (1991).

In this case, it is undisputed that appellant knew his Blazer and the police vehicle collided. Testimony from the police officers revealed their vehicle sustained heavy damage on its side panels and doors after it became "locked together" with appellant's Blazer. Furthermore, appellant left footprints on the police vehicle's hood after he exited the Blazer and ran across the police vehicle toward the river. From these circumstances, the jury could infer that appellant knew the police vehicle sustained property damage. Appellant's failure to stop and render assistance in the matter support his misdemeanor conviction.

Accordingly, we affirm the convictions.

Affirmed.

7

Benton, J., concurring and dissenting.


I concur in Part III and agree that the evidence was sufficient to prove beyond a reasonable doubt that Mosbey failed to stop at the scene of the accident in violation of Code § 46.2-894. However, I dissent from the remainder of the opinion because although the evidence was sufficient to prove that Mosbey possessed cocaine, the evidence failed to prove beyond a reasonable doubt that Mosbey possessed the cocaine with the intent to distribute it. The principle is well established that when "the Commonwealth's evidence of intent to distribute is wholly circumstantial, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Wells v. Commonwealth, 2 Va. App. 549, 551, 347 S.E.2d 139, 140 (1986) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)).

The evidence in this record failed to prove that Mosbey distributed or intended to distribute the cocaine he possessed. The evidence did not establish that Mosbey engaged in any transactions with any of the persons outside his vehicle. His flight from the police is not inconsistent with the hypothesis that he was aware that he possessed cocaine, an illegal substance, for his personal use. The Commonwealth's evidence established that users of cocaine received discounts when purchasing twenty bags and more of cocaine and that a user could

8

purchase a bag of cocaine, such as seized from Mosbey, with twenty-five "hits."  The Commonwealth's evidence further established that a user would get a better price if the user purchased cocaine in such quantity.

Although an officer testified that most cocaine users that he had arrested possessed only one or two "hits", in light of the other testimony in the case, that testimony does not provide a basis from which the jury could have inferred beyond a reasonable doubt that the cocaine Mosbey possessed was inconsistent with his personal use.  Indeed, none of the Commonwealth's evidence was inconsistent with Mosbey's evidentiary hypothesis that he purchased the cocaine at a discount for his personal use.  It is elementary that "possession and ownership may imply intent to use rather than intent to distribute." Hunter v. Commonwealth, 213 Va. 569, 571, 193 S.E.2d 779, 780 (1973).  Moreover, the principle is well established that the "[e]xistence of the intent . . . cannot be based upon surmise or speculation." Patterson v. Commonwealth, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975).

Based upon the evidence in this record, in particular the testimony of the Commonwealth's expert, "[i]t is just as plausible that [Mosbey] . . . purchased the packaged substance for personal use as it is that . . . [he] packaged [it] . . . for distribution." Dukes v. Commonwealth, 227 Va. 119, 123, 313 S.E.2d 382, 384 (1984).  Thus, I would reverse the conviction because the evidence was insufficient to prove beyond a

reasonable doubt Mosbey's intent to distribute cocaine.