COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis and Bray
Argued at Norfolk, Virginia


JOHN LEWIS TINKER

v.          Record No. 1959-94-1          MEMORANDUM OPINION[*] BY
                                          JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                       OCTOBER 31, 1995

          FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
               Morris B. Gutterman, Judge Designate

          Michael F. Fasanaro, Jr. (Abrons, Fasanaro &
          Sceviour, on brief), for appellant.

          (James S. Gilmore, III, Attorney General;
          Margaret Ann B. Walker, Assistant Attorney
          General, on brief), for appellee.  Appellee
          submitting on brief.


     John Lewis Tinker was convicted of possession of cocaine

with intent to distribute and possession of a firearm while in

possession of cocaine.  On appeal, he contends the Commonwealth

failed to prove his intent to distribute.  We find no error and

affirm the judgment of the trial court.

     On March 22, 1994, at 9:00 p.m., Officers Tony Mathias and

Michael Felix heard gunshots.  They saw a group of people on a

porch at 2528 Cary Avenue and walked up to investigate whether

the gunshots had come from there.  Mathias noticed Tinker

standing behind the railing with his hands down and asked him to

show his hands.  When Tinker raised his hands, he placed a loaded

handgun on the porch railing.  Tinker was handcuffed and a search

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

of his person revealed $405 in cash and 9.5 grams of crack cocaine in two plastic bags.

> On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

"Possession with intent to distribute is a crime which requires 'an act coupled with a specific intent.'" Stanley v. Commonwealth, 12 Va. App. 867, 869, 407 S.E.2d 13, 15 (1991) (en banc). "Where an offense consists of an act combined with a particular intent, proof of the intent is essential to the conviction." Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). "Where . . . the Commonwealth's evidence of intent to distribute is wholly circumstantial, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Wells v. Commonwealth, 2 Va. App. 549, 551, 347 S.E.2d 139, 140 (1986).

Tinker concedes the evidence is sufficient to prove he possessed cocaine. However, he contends that the evidence is insufficient to prove his intent to distribute.

"When the proof of intent to distribute narcotics rests upon circumstantial evidence, the quantity which the defendant

possesses is a circumstance to be considered."  Id.  "Possession of a quantity greater than that ordinarily possessed for one's personal use may be sufficient to establish an intent to distribute it."  Josephs v. Commonwealth, 10 Va. App. 87, 102, 390 S.E.2d 491, 499 (1990) (en banc).  Tinker possessed 9.5 grams of crack cocaine.  Investigator Reardon testified that, based on his experience, this amount was inconsistent with personal use.  See Davis v. Commonwealth, 12 Va. App. 728, 731-32, 406 S.E.2d 922, 923 (1991).

Intent to distribute may be proved by the packaging of the controlled substance, Monroe v. Commonwealth, 4 Va. App. 154, 156, 355 S.E.2d 336, 337 (1987), by accompanying possession of a large amount of money, Servis, 6 Va. App. at 524, 371 S.E.2d at 165, by the absence of drug paraphernalia, id., and by possession of a firearm, Burchette v. Commonwealth, 15 Va. App. 432, 437, 425 S.E.2d 81, 84 (1992).  Here, the crack cocaine was packaged in two plastic bags, Tinker possessed no drug paraphernalia, and he possessed a large amount of cash and a loaded handgun.  This, along with the evidence that 9.5 grams of cocaine is inconsistent with personal use, sufficiently proved that Tinker was in possession of cocaine with the intent to distribute it.

We affirm the judgment of the trial court.

Affirmed.