COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Senior Judge Cole
Argued at Richmond, Virginia

WILLIE LEE WILLIAMS, JR.

v.   Record No. 0749-94-2               MEMORANDUM OPINION[*]
                                     BY JUDGE MARVIN F. COLE
COMMONWEALTH OF VIRGINIA               DECEMBER 5, 1995

            FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                    William L. Wellons, Judge

        Buddy A. Ward, Public Defender (Office of the
        Public Defender, on brief), for appellant.

        Eugene Murphy, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


    Willie Lee Williams, Jr. was convicted of possession of
heroin with the intent to distribute in violation of Code
§ 18.2-248.  On appeal, Williams contends that the evidence was
insufficient to prove beyond a reasonable doubt that he possessed
the heroin with the intent to distribute it.  We disagree and
affirm.

                              I.

    On January 7, 1993, Investigator Loftis, of the South Boston
Police Department, stopped a car in which Williams was the sole
occupant.  Loftis issued Williams a traffic summons and impounded
Williams' car because Williams' operator's license had expired
and the car lacked a front license plate.

    The police conducted an inventory search of the car.  In the

_____
        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

trunk of the car, Loftis found a glasses case inside of a shaving kit. The glasses case contained a clear plastic bag that contained twenty-eight small plastic bags filled with heroin. The total weight of the heroin was 4.66 grams.

Loftis, who was qualified as an expert witness in the preparation and distribution of drugs, testified that the amount of heroin and the method of its packaging was inconsistent with personal use. Loftis stated, "You just don't see that amount for personal use. Usually it's a very small amount." Loftis also testified the heroin would sell for $50 per packet in South Boston on January 7, 1993.

In his written statement, appellant denied any knowledge of drugs in the car.

## II.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). "In proving intent, various types of circumstantial evidence may be appropriate -- evidence concerning the quantity of drugs and cash possessed, the method of packaging, and whether appellant himself used drugs." Poindexter v. Commonwealth, 16 Va. App. 730, 734-35, 432 S.E.2d 527, 530 (1993).

Viewed in the light most favorable to the Commonwealth, the evidence in this case showed that Williams possessed twenty-eight

2

individual packets of heroin totalling 4.66 grams.  Loftis, who was qualified as an expert in the preparation and distribution of drugs, testified that this quantity of heroin was inconsistent with personal use, and that the method of packaging of the heroin was inconsistent with personal use.

Although Williams argues that he could have been a "heavy user" of heroin, no evidence introduced at trial indicated that Williams was a heroin user.  In fact, Williams denied knowledge of the existence of the heroin in the car.  Therefore, we cannot conclude, based on this evidence, that the evidence was insufficient to support the conviction for possessing the heroin with an intent to distribute it.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

Benton, J., dissenting.


Based solely on the amount of cocaine and the method of packaging, the trial judge made a finding that Williams intended to distribute the cocaine. The principle is well established, however, that "possession of a small quantity [of a controlled substance] creates an inference that the drug was for the personal use of the defendant." Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984). The evidence does not prove beyond a reasonable doubt that the twenty-eight individual packages of the substance was an amount inconsistent with personal use.

> Over objection, the arresting officer testified as follows:
> Q. Investigator Loftis, in the hundreds of cases that you have investigated, distribution cases, have you ever had -- discovered an individual or encountered an individual with this amount of drugs packaged as it was who is simply using as opposed to distributing?
>
>      *   *   *   *   *   *   *
>
> A. You just don't see that amount for personal use. Usually it's a very small amount.

The officer's conclusion, based solely on his past encounters with persons who "[u]sually [have] a very small amount," does not prove Williams intended to distribute the substance.

Moreover, the evidence does not establish any unusual packaging. The substance was packaged in separate bags consistent with the manner in which one might purchase the

4

substance.

> The mode of packaging and the way the packages were hidden are as consistent with possession for personal use as they are with intent to distribute. It is just as plausible that the defendant purchased the packaged substance for personal use as it is that [the defendant] packaged the [substance] for distribution.

Id. at 123, 313 S.E.2d at 384.

The evidence does not indicate that Williams had any unusual denominations of money or other paraphernalia suggesting an intent to distribute. The absence of such indications are consistent with the hypothesis that Williams possessed the substance for his personal use. See Wells v. Commonwealth, 2 Va. App. 549, 553, 347 S.E.2d 139, 140 (1986).

"The Commonwealth had the burden to prove by evidence beyond a reasonable doubt that [Williams] possessed the [substance] with intent to distribute." Dukes, 227 Va. at 123, 313 S.E.2d at 384. "Suspicion of [intent to distribute] is not sufficient for a conviction." Wells, 2 Va. App. at 553, 347 S.E.2d at 141. I would hold that the evidence was not sufficient to prove that Williams intended to distribute the drugs.