COURT OF APPEALS OF VIRGINIA

Present:  Judge Elder, Senior Judge Duff and
          Retired Judge Plummer[*]
Argued at Alexandria, Virginia


JIMMIE MCAURTHER WRIGHT

                                       MEMORANDUM OPINION[**] BY
v.    Record No. 1780-96-4               JUDGE LARRY G. ELDER
                                          NOVEMBER 25, 1997
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Stanley P. Klein, Judge

            Mark Petrovich (Martin, Arif & Petrovich, on
            brief), for appellant.

            Leah A. Darron, Assistant Attorney General
            (Richard Cullen, Attorney General, on brief),
            for appellee.


     Jimmie McAurther Wright (appellant) appeals his conviction

of possession of cocaine with intent to distribute in violation

of Code § 18.2-248.  He contends that the evidence was

insufficient to support his conviction.[1]  For the reasons that

follow, we reverse and remand.

     When considering the sufficiency of the evidence on appeal

in a criminal case, this Court views the evidence in a light most

_____

     [*]Retired Judge William G. Plummer took part in the
consideration of this case by designation pursuant to Code
§ 17-116.01.

     [**]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.


     [1]At trial, the trial court ruled that appellant waived his
motion to strike by presenting evidence during the Commonwealth's
case-in-chief.  We do not address the merits of this ruling
because the Commonwealth concedes that appellant preserved for
appeal his challenge of the sufficiency of the evidence.

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  On review, this Court does not substitute its own judgment for that of the trier of fact.  See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992).  The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).  "[W]here the Commonwealth's evidence as to an element of an offense is wholly circumstantial, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'"  Moran v. Commonwealth, 4 Va. App. 310, 314, 357 S.E.2d 551, 553 (1987) (citation omitted).  However, the Commonwealth "'is not required to disprove every remote possibility of innocence, but is instead required only to establish guilt of the accused to the exclusion of a reasonable doubt.'"  Cantrell v. Commonwealth, 7 Va. App. 269, 289, 373 S.E.2d 328, 338 (1988) (citation omitted).  "The hypotheses which the prosecution must exclude are those 'which flow from the

evidence itself, and not from the imagination of defendant's counsel.'"  Id. at 289-90, 373 S.E.2d at 338-39.

In a prosecution under Code § 18.2-248, the Commonwealth has the burden of proving two elements: (1) that the accused possessed a controlled substance (2) while having the specific intent to distribute such a substance.  See Wilkins v. Commonwealth, 18 Va. App. 293, 298, 443 S.E.2d 440, 444 (1994); Stanley v. Commonwealth, 12 Va. App. 867, 869, 407 S.E.2d 13, 15 (1991); Code § 18.2-248.  Appellant contends that the Commonwealth failed to prove either element.  We consider each in turn.

## A.

## POSSESSION

We hold that the evidence was sufficient to prove that appellant knowingly and intentionally possessed cocaine in the motel room.  "To convict a defendant of illegal possession of drugs, the Commonwealth must prove that the defendant was aware of the presence and character of the drugs, and that he intentionally and consciously possessed them."  Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (citation omitted).  "Physical possession giving the defendant 'immediate and exclusive control' is sufficient."  Gillis v. Commonwealth, 215 Va. 298, 301-02, 208 S.E.2d 768, 771 (1974).

The testimony of Captain Lomonaco proved that appellant possessed a plastic bag containing objects the size and shape of

little rocks in his right pants pocket at the time the captain patted down appellant's clothing. The evidence of appellant's conduct after Captain Lomonaco felt the plastic bag in his pocket and the circumstances surrounding the discovery of the plastic bag containing crack cocaine on the ground outside of the bathroom window was sufficient to support the jury's conclusion that the two bags were one and the same. Immediately after Captain Lomonaco felt the plastic bag in appellant's pants pocket, appellant pushed the captain away and barricaded himself inside the bathroom. When the officers arrested appellant forty or fifty seconds later, the bag in his pants pocket was no longer present. The window to the bathroom had been closed prior to appellant's evasive action and was open when the officers kicked in the door and overpowered appellant. Captain Lomonaco testified that the toilet did not flush while appellant was in the bathroom and that he observed appellant "leaning out the [bathroom] window with what appeared to be both hands." The plastic bag containing the crack was found on top of "fresh snow" about ten to fifteen feet from the outside of the bathroom window. Detective Feightner testified that there were no tracks other than his within ten or fifteen feet of the bag. Appellant's awareness of the cocaine in his pocket and his intent to possess it could be reasonably inferred from his evasive conduct after the captain felt the bag in his pocket. Any reasonable hypotheses that the appellant disposed of the plastic

-4-

bag in his possession in some manner other than tossing it out the window or that the bag found on the ground was placed there by someone else were excluded by two key facts: (1) only forty or fifty seconds passed in between the time that Captain Lomonaco felt the plastic bag in appellant's pocket and discovered that the plastic bag was no longer there and (2) the toilet did not flush while appellant was in the bathroom.

This case is distinguishable from Gordon v. Commonwealth, 212 Va. 298, 183 S.E.2d 735 (1971), because the circumstances that rendered the gap in the police's observation of the defendant "fatal" in that case are not present here. In Gordon, the defendant was seen fleeing from the police carrying an envelope. See id. at 299, 183 S.E.2d at 736. When the defendant was arrested following a chase on foot, no envelope was in his possession. See id. A short while later, a detective found an envelope containing "narcotics works," on some grass adjacent to a "fairly busy" street that was near the route taken by the defendant. See id. at 299-300, 183 S.E.2d at 736. The Virginia Supreme Court held that the circumstantial evidence was insufficient to prove that the envelope containing the heroin had been in the defendant's possession. See id. at 300, 183 S.E.2d at 737. The Court reasoned that because the envelope found by the detective was located next to "the public street on which numerous persons were gathered" and because no officer had seen where along defendant's escape route he had discarded his

envelope, the circumstantial evidence had failed to exclude the reasonable hypothesis that the envelope found by the detective had been dropped by some other pedestrian walking along the street.  See id. at 300-01, 183 S.E.2d at 737.

Unlike Gordon, the officers in this case could pinpoint the area where appellant would have discarded the plastic bag to the patch of ground adjacent to the bathroom window.  Moreover, Captain Lomonaco observed appellant reaching toward the opened window with his hands as he and Officer Miller attempted to kick in the bathroom door.  In addition, the bag containing the crack was found on top of undisturbed snow and was ten to fifteen feet away from a path that the record established was frequented only by a dog owner and his or her dog.

## B.

### INTENT TO DISTRIBUTE

Although we conclude that the evidence was sufficient to prove that appellant possessed cocaine, we hold that the evidence was insufficient to support the jury's conclusion that appellant had the specific intent to distribute the drug.  The intent of an accused to distribute drugs may be shown by circumstantial evidence.  Wells v. Commonwealth, 2 Va. App. 549, 551, 347 S.E.2d 139, 140 (1986).  Circumstances that shed light on the accused's specific intent regarding illegal drugs in his possession include (1) the quantity and method of packaging of the drugs possessed by him, (2) the presence or absence of an unusual amount of money

suggesting profit from sales, and (3) the presence or absence of drug paraphernalia.  See Servis v. Commonwealth, 6 Va. App. 507, 524–25, 371 S.E.2d 156, 165 (1988); see also Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984); Wells, 2 Va. App. at 551–52, 347 S.E.2d at 140.

Although the evidence in this case created a suspicion that appellant may have had the intent to distribute drugs, it was not inconsistent with the hypothesis that he merely possessed cocaine with the intent to consume it himself.  The evidence established that appellant possessed about six grams of crack cocaine with a street value of between $600 and $900 and that he had $232 on his person at the time of his arrest.  However, no evidence indicated whether these amounts of cocaine and cash were consistent with distribution or personal use.  Although a blue gym bag containing drug paraphernalia and razor blades was discovered on a bed in the motel room where appellant was arrested, no evidence established that these items belonged to appellant rather than to one of the room's other two occupants.  The motel room, itself, was registered to "Bobby Goode," and a man by this name answered the door when the police arrived to search the room.  Based on these circumstances, the mere possession of the cocaine and cash by appellant is insufficient to exclude the reasonable hypothesis that appellant had purchased cocaine for personal use from one of the other occupants of the room prior to the officers' arrival.

For the foregoing reasons, we reverse appellant's conviction

of possession of cocaine with intent to distribute in violation of Code § 18.2-248 and remand the proceeding to the trial court for a new trial on the charge of possession of cocaine, if the Commonwealth so elects.

<u>Reversed and remanded</u>.
