BENTON, Judge,
dissenting.
Leroy Barksdale concedes the evidence is sufficient to prove his possession of cocaine, but he contends the evidence is insufficient to prove his intent to distribute. I agree; therefore, I dissent.
“To satisfy the due process requirements of the ... Constitution, the prosecution must bear the burden of proving all elements of the offense beyond a reasonable doubt.” Stokes v. Warden, 226 Va. 111, 117, 306 S.E.2d 882, 885 (1983). “It is elementary that where, as here, an indictment charges an offense Which consists of an act combined with a particular intent, proof of the intent is essential to conviction.... Existence of the intent, however, cannot be based upon surmise or speculation.” Patterson v. Commonwealth, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975) (citations omitted). Intent must be proved beyond a reasonable doubt. See Dukes v. Commonwealth, 227 Va. 119, 123, 313 S.E.2d 382, 384 (1984); Wells v. Commonwealth, 2 Va.App. 549, 553, 347 S.E.2d 139, 141 (1986).
*213 [W]ell established principles apply to testing the sufficiency of circumstantial evidence. In LaPrade v. Commonwealth, 191 Va. 410, 418, 61 S.E.2d 313, 316 (1950), [the Supreme Court] summarized those principles as follows:
“... [I]f the proof relied upon by the Commonwealth is wholly circumstantial, as it here is, then to establish guilt beyond a reasonable doubt all necessary circumstances proved must be consistent with guilt and inconsistent with innocence. They must overcome the presumption of innocence and exclude all reasonable conclusions inconsistent with that of guilt. To accomplish that, the chain of necessary circumstances must be unbroken and the evidence as a whole must satisfy the guarded judgment that both the corpus delicti and the criminal agency of the accused have been proved to the exclusion of any other rational hypothesis and to a moral certainty....”
But, circumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty. The actual commission of the crime by the accused must be shown by evidence beyond a reasonable doubt to sustain his conviction.
Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977).
The detective did not opine that the 26.2 grams of cocaine was inconsistent with personal use. Indeed, he testified as follows:
Q: .... Now you have not offered an opinion as to the
quantity that can be used in personal use today?
A: No sir.
Q: You have been strictly only as to value of this substance on the street?
A: Yes sir.
Although the detective testified that 26.2 grams was not an amount typically purchased on the street, he testified that in the past eighteen months he had been involved in operations where other individuals made purchases on the streets of Danville of “approximately this quantity” of cocaine. He also *214 testified that the purchase value of that quantity of powder cocaine was $800 to $1,300 and that “powder has been less and less ... prevalent on the streets of Danville.” The evidence further proved that although one-eighth of an ounce of cocaine, known as an “eight-ball,” is a typical unit of purchase on the street, the amount of cocaine Barksdale possessed (26.2 grams), which is less than an ounce, had been purchased on the streets by the police. In addition, the detective testified that heavily addicted cocaine users would want to have an ounce of cocaine to use if they could “get their hands on it.” In short, this evidence does not establish that the amount of cocaine Barksdale possessed was not for his personal use. See, e.g., United States v. Levy, 703 F.2d 791, 792 (4th Cir.1983) (noting that 4.75 ounces of cocaine does not exceed the quantity a user might store for personal use).
Although scales were found in proximity to the cocaine, no evidence tended to prove a use other than that testified to by Barksdale. He testified that he used the scales to weigh the cocaine after he made purchases so as to assure himself that he was not being cheated. Considering the absence of proof that Barksdale possessed any packaging materials or cutting agents or any other circumstance tending to prove intent to distribute, the evidence failed to prove that Barksdale intended to distribute the cocaine which was located in a drawer of a nightstand in his bedroom.
For these reasons, I would reverse the conviction for possession with intent to distribute.