COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Humphreys
Argued at Alexandria, Virginia


JUSTIN THOMAS BROOKS

                                    MEMORANDUM OPINION* BY
v.    Record No. 0811-02-4          JUDGE LARRY G. ELDER
                                         MARCH 4, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                 J. Peyton Farmer, Judge Designate

            Patricia Kelly (Woodbridge, Ventura & Kelly,
            P.C., on brief), for appellant.

            Jennifer R. Franklin, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     Justin Thomas Brooks (appellant) appeals from his jury

trial conviction for possession of cocaine with intent to

distribute.  On appeal, he contends the evidence was

insufficient to prove both that he possessed the cocaine and

that he did so with the requisite intent.  We hold the evidence

was sufficient to support the conviction, and we affirm.

     On appellate review, we examine the evidence in the light

most favorable to the Commonwealth, and we may not disturb the

jury's verdict unless it is plainly wrong or without evidence to

support it.  Traverso v. Commonwealth, 6 Va. App. 172, 176, 366

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

S.E.2d 719, 721 (1988).  Any element of an offense may be proved by circumstantial evidence, provided the evidence as a whole is sufficiently convincing to exclude all reasonable hypotheses of innocence.  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

I.

POSSESSION

"To convict a person of possession of illegal drugs 'the Commonwealth must prove that the defendant was aware of the presence and character of the drugs and that he intentionally and consciously possessed them.'"  Castaneda v. Commonwealth, 7 Va. App. 574, 583, 376 S.E.2d 82, 86 (1989) (en banc) (quoting Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975)).  "Physical possession giving the defendant 'immediate and exclusive control' is sufficient."  Gillis v. Commonwealth, 215 Va. 298, 301-02, 208 S.E.2d 768, 771 (1974).  Proximity to a controlled substance, standing alone, is insufficient.  Wright v. Commonwealth, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977).

Here, the direct and circumstantial evidence supported a finding that appellant had actual possession of the cocaine Deputy C.W. Reed retrieved from the ground.  Appellant admitted that he expected Deputy Reed to search him during the traffic stop.  Deputy Reed testified, and the videotape confirmed, that appellant appeared nervous while he waited at the rear of his car and that he placed his hands in his pockets repeatedly.  The

-

videotape showed appellant using several pulling motions to remove an unidentified object from his right pants pocket. The videotape then showed appellant moving his hand off-camera to the right and making a throwing motion with that hand before placing both hands on the rear of the car.

Within minutes, Deputy Reed retrieved an object from the ground, five to seven feet from where appellant stood, and from the same area toward which appellant appeared to have thrown the object he removed from his pocket. Before Deputy Reed approached the object, he stood the same distance from the object as appellant. Although Deputy Reed could not tell what the object was from that distance, appellant, who presumably had no better opportunity to identify the object from that distance than Deputy Reed did, said, "Oh, man, I guess you're going to say that those are mine." Thus, appellant indicated an awareness of the presence and character of the drugs he had discarded moments earlier.

Although the store parking lot in which the stop occurred was "fairly well traveled," was known as "a high drug traffic area," and contained other parked cars, the store was closed, "no one [other than Deputy Reed's back-up officers was] in the area" during the time of the stop, and the plastic baggie containing the cocaine did not appear to have been "walked over[,] . . . driven upon or anything to that effect." Further, no evidence established that Deputy Reed found any other item on

-

the ground in the area in which appellant had discarded the item he pulled from his pocket.  Finally, the jury was entitled to infer from the value of the drugs, which the evidence established was about sixty dollars, that they had not been randomly discarded by someone other than appellant.  Cf. Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 883 (1992) (en banc) ("[T]he finder of fact may infer from the value of drugs found on premises owned or occupied by an individual that it is unlikely anyone who is a transient would leave a thing of great value in a place not under his dominion and control.").

Thus, the only reasonable hypothesis flowing from the evidence, viewed in the light most favorable to the Commonwealth, was that appellant had actual possession of the crack cocaine at the time of the stop, anticipated being searched, and discarded the cocaine so that it would not be found on his person.

## II.

### INTENT TO DISTRIBUTE

The intent of an accused to distribute drugs may be shown by circumstantial evidence.  Wells v. Commonwealth, 2 Va. App. 549, 551, 347 S.E.2d 139, 140 (1986).  Circumstances that shed light on the accused's specific intent regarding illegal drugs in his possession include (1) the quantity and method of packaging of the drugs possessed by him, (2) the presence or absence of an unusual amount of money suggesting profit from

-

sales, and (3) the presence or absence of drug paraphernalia.
See Servis v. Commonwealth, 6 Va. App. 507, 524-25, 371 S.E.2d
156, 165 (1988); see also Dukes v. Commonwealth, 227 Va. 119,
122, 313 S.E.2d 382, 383 (1984); Wells, 2 Va. App. at 551-52,
347 S.E.2d at 140.

Here, the evidence established that appellant had in his
possession three twenty-dollar rocks of crack cocaine weighing a
total of 0.88 grams. Although appellant also had the remains of
a marijuana cigarette in his pocket, indicating he may have been
a user of marijuana, no evidence established that he possessed a
device, either on his person or in his car, for ingesting the
cocaine. Appellant had over four hundred dollars in cash,
including sixteen twenty-dollar bills, five one-dollar bills,
one ten-dollar bill and one hundred-dollar bill. The bills
"were all crumpled individually and separate from each other."

Sergeant Gil Kendall, qualified as an expert witness in the
field of illegal narcotics, testified that the quantity of
cocaine appellant possessed and the method of its packaging,
coupled with the quantity of loose and crumpled twenty-dollar
bills he possessed, was consistent with possession of cocaine
for sale[1] and caused him to conclude that appellant did not
possess the cocaine for personal use. He testified that a user

---

[1] Appellant did not allege at trial and does not contend on
appeal that Kendall's statement was improper testimony on an
ultimate issue in the case. Thus, we do not consider this
issue.

-

of crack cocaine ordinarily would not have bought the three twenty-dollar rocks of crack cocaine that appellant had in his possession. The rocks weighed 0.88 grams, and Sergeant Kendall testified that a typical user would have purchased an uncut gram of cocaine because he could have obtained it for a lower price. Sergeant Kendall also noted the rocks of crack cocaine appellant possessed ordinarily sold for twenty or twenty-five dollars each and, for this reason, that appellant's possession of a quantity of crumpled twenty-dollar bills was significant. He explained that drug sales usually occur with "exact change" because, in "transactions between [a] buyer and [a] seller, nobody trust[s] anybody." He also noted that the condition of the money was "inconsistent with someone just getting money from the bank or cashing a check or someone giving it to you because most people keep their money in a standard way."

Thus, although Kendall admitted the quantity of cocaine appellant possessed was not unusually large, evidence of the method of cutting and packaging of the cocaine as twenty-dollar rocks, coupled with the quantity of cash and crumpled twenty-dollar bills and the absence of a smoking device or other evidence that he possessed the drugs for personal use, supported the finding that he possessed the cocaine with an intent to distribute it.

-

For these reasons, we hold the evidence is sufficient to support appellant's conviction, and we affirm.

<u>Affirmed.</u>