**Richmond**

BETTIE JEAN DUKES

v.

COMMONWEALTH OF VIRGINIA

Record No. 822190.

March 9, 1984.

Present: All the Justices.

*Boyd Scarborough (Griffin, Pappas & Scarborough*, on brief), for appellant.

*Karen A. Laserson, Assistant Attorney General (Gerald L. Baliles, Attorney General*, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

In a bench trial, Bettie Jean Dukes was convicted of possessing marijuana with intent to distribute in violation of Code § 18.2-248.1. She was sentenced to six months in jail and fined $1,000. The defendant concedes the evidence is sufficient to prove possession of marijuana, but she contends there was insufficient evidence to establish that she possessed the drug with the intent to distribute.

The Commonwealth relies wholly upon circumstantial evidence to establish intent to distribute. Dukes was a civilian employee at the United States Naval Security Group Activity Northwest in the City of Chesapeake. On February 23, 1983, Naval officers, pursuant to a warrant, searched the facility for narcotics and found a small 35-millimeter film cannister containing marijuana.

They also discovered a one-inch square manila envelope containing marijuana in the defendant's wallet. During a subsequent search of Dukes' person, another one-inch square manila envelope containing marijuana fell to the floor. Shortly thereafter, Dukes was seated in the dining area. When she stood, the officers saw a third manila envelope fall to the floor beneath her. It, too, contained marijuana.

A further body search and a search of Dukes' automobile failed to produce additional marijuana. The total quantity of marijuana seized was one-half ounce. No unusual amount of money was found on the defendant.

Dukes made a motion to strike at the conclusion of the Commonwealth's evidence on the ground that it was insufficient to prove possession with intent to distribute. The motion was overruled, and the defendant presented no evidence.

When the sufficiency of the evidence is challenged on appeal, the evidence and all reasonable inferences fairly deducible therefrom must be viewed in the light most favorable to the Commonwealth. The trial court's judgment should be affirmed unless it is plainly wrong or without evidence to support it. *Green* v. *Commonwealth*, 223 Va. 706, 712, 292 S.E.2d 605, 609 (1982).

If evidence of intent is wholly circumstantial, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." *Inge* v. *Commonwealth*, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976). When the proof of intent to distribute narcotics rests upon circumstantial evidence, the quantity which the defendant possesses is a circumstance to be considered. Indeed, quantity, alone, may be sufficient to establish such intent if it is greater than the supply ordinarily possessed for one's personal use. *Hunter* v. *Commonwealth*, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973). However, possession of a small quantity creates an inference that the drug was for the personal use of the defendant. *Dutton* v. *Commonwealth*, 220 Va. 762, 765, 263 S.E.2d 52, 54 (1980).

In the present case, the relatively small quantity of marijuana in the defendant's possession warrants the inference that it was for her personal use. To overcome this inference and sustain the conviction, the Commonwealth relies upon a number of circumstances. It argues that "the marijuana was packaged to facilitate distribution," that Dukes possessed no paraphernalia when

arrested, that there was no evidence that she used marijuana, and that the packages were hidden in different places upon her person. We do not believe these circumstances are consistent only with guilt and inconsistent with innocence.

The mode of packaging and the way the packages were hidden are as consistent with possession for personal use as they are with intent to distribute. It is just as plausible that the defendant purchased the packaged substance for personal use as it is that she packaged the marijuana for distribution. Furthermore, the absence of drug paraphernalia at Dukes' place of employment does not give rise to an inference that she was not a drug user. Indeed, it is more likely that she used the drug elsewhere.

It was not the defendant's burden to establish that she used marijuana; the small quantity in her possession created that inference. Moreover, the officers' failure to find marijuana in the defendant's automobile and to find an unusual amount of money in her possession are circumstances tending to negate an intent to distribute.

The Commonwealth had the burden to prove by evidence beyond a reasonable doubt that Dukes possessed the marijuana with intent to distribute. We conclude, however, that the circumstantial evidence of such intent, when viewed in the light most favorable to the Commonwealth, fails to "exclude every reasonable hypothesis of innocence." Accordingly, we will reverse the judgment of the trial court and remand the case for a new trial for possession of marijuana in violation of Code § 18.2-250.1, if the Commonwealth be so advised.

*Reversed and remanded.*