COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Annunziata and Overton
Argued at Norfolk, Virginia


ELTON LEROY DRUMMOND

MEMORANDUM OPINION[*] BY
v.    Record No. 3043-97-1      JUDGE ROSEMARIE ANNUNZIATA
JANUARY 26, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
Glen A. Tyler, Judge

Patrick A. Robbins for appellant.

Jeffrey S. Shapiro, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


In this appeal, Elton Leroy Drummond ("appellant")

challenges his conviction under Code § 18.2-248 for possession

with the intent to distribute cocaine.  Appellant argues that the

evidence adduced at trial did not establish beyond a reasonable

doubt that he formed the intent to distribute necessary to

sustain his conviction.  For the reasons that follow, we affirm

appellant's conviction.

On appeal, we view the evidence supporting a conviction in

the light most favorable to the Commonwealth.  Clifton v.

Commonwealth, 22 Va. App. 178, 180, 468 S.E.2d 155, 156 (1996).

Accordingly, we "must discard all evidence of the accused that

conflicts with that of the Commonwealth and regard as true all

credible evidence favorable to the Commonwealth and all fair

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

inferences reasonably deducible therefrom."  Lea v. Commonwealth, 16 Va. App. 300, 303, 429 S.E.2d 477, 479 (1993).  We will not reverse the trial court's judgment unless it is plainly wrong or without evidence to support it.  Code § 8.01-680.

Viewed in this light, the evidence establishes the following facts.  On January 30, 1997, Officer Tom O'Neill stopped two individuals driving a Ford Escort as they pulled into a parking space in front of a shopping center.  O'Neill positioned his patrol car behind the Escort, blocking its exit path.  Appellant sat in the passenger seat of the vehicle.

While O'Neill ran a check of the Escort's license and registration in his patrol car, appellant exited the vehicle on two separate occasions, approached the officer, and asked if he could do some shopping in the nearby mall.  Upon O'Neill's refusal of permission, appellant complied with O'Neill's directive to return to the Escort and remain seated there.  On the second occasion, however, Sylvia Strand, a bystander, saw appellant throw a clear, plastic package beneath a Thunderbird parked in front of the Escort as he returned to his seat.  When the Thunderbird's driver returned to his vehicle and drove away, O'Neill discovered the package discarded by appellant and observed what appeared to be cocaine inside.  Although appellant was unemployed at the time, a search of appellant's person revealed $565 in cash divided between two of his pants pockets and two pagers.  Police found no paraphernalia suggestive of

cocaine use on appellant's person or in the Escort.

At trial, the evidence established that the package contained 7.5 grams of cocaine. Special Agent Gene Childress, a member of the Drug Task Force for ten years, testified that this quantity of cocaine had a street value of between $750 and $1,500. He further testified that possession of such an amount was inconsistent with personal use.

Code § 18.2-248 criminalizes the possession of cocaine with the intent to distribute. Appellant does not challenge the sufficiency of evidence with regard to possession. Thus, the only issue before us is whether the evidence establishes beyond a reasonable doubt that appellant intended to distribute cocaine in his possession.

When an offense consists of an act coupled with a particular intent, proof of intent is essential to a conviction. Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). As direct proof is often unavailable, intent may be established by circumstantial evidence. Wilkins v. Commonwealth, 18 Va. App. 293, 298, 443 S.E.2d 440, 444 (1994). If evidence of intent is wholly circumstantial, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976). "The Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the

imagination of the defendant."  Hamilton v. Commonwealth, 16 Va.
App. 751, 755, 433 S.E.2d 27, 29 (1993).

The quantity of a controlled substance found in the
accused's possession is probative as to the possessor's intent.
Servis, 6 Va. App. at 524, 371 S.E.2d at 165.  Possession of a
quantity greater than that ordinarily possessed for personal use
may, standing alone, be sufficient to establish an intent to
distribute.  Adkins v. Commonwealth, 217 Va. 437, 439, 229 S.E.2d
869, 871 (1976).  The possession of a large amount of cash is
also probative of an accused's intent to distribute narcotics.
White v. Commonwealth, 25 Va. App. 662, 668, 492 S.E.2d 451, 454
(1997) (en banc) ("Possession of a large sum of cash, especially
in small denominations, is also regularly recognized as a factor
indicating intent to distribute.").  Finally, the intent to
distribute narcotics may be inferred from an accused's possession
of certain "tools of the trade" or from the absence of
paraphernalia suggestive of possession for personal use.  See,
e.g., Glasco v. Commonwealth, 26 Va. App. 763, 775, 497 S.E.2d
150, 156 (1998) ("[P]agers and firearms are recognized as tools
of the drug trade, the possession of which are probative of
intent to distribute."); Welshman v. Commonwealth, 28 Va. App.
20, 37, 502 S.E.2d 122, 130 (1998) ("[T]he absence of any
paraphernalia suggestive of personal use [indicates] an intent to
distribute.").

We find that the evidence, viewed in the light most

favorable to the Commonwealth, establishes beyond a reasonable doubt that appellant possessed the intent to distribute. Appellant possessed 7.5 grams of cocaine, an amount inconsistent with personal use, and no paraphernalia to suggest he intended to personally use the narcotic.  Further, although unemployed, appellant carried $565 in two pants pockets and two pagers.

We accordingly affirm appellant's conviction.

Affirmed.

Benton, J., dissenting.

I dissent because I believe that the evidence, while sufficient to prove possession of cocaine, was insufficient to establish an intent to distribute beyond a reasonable doubt.

"Possession with intent to distribute is a crime which requires 'an act coupled with a specific intent.'"  Stanley v. Commonwealth, 12 Va. App. 867, 869, 407 S.E.2d 13, 15 (1991) (en banc) (citation omitted).

> It is elementary that where, as here, an indictment charges an offense which consists of an act combined with a particular intent, proof of the intent is essential to conviction. . . .  Existence of the intent, however, cannot be based upon surmise or speculation.

Patterson v. Commonwealth, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975) (citations omitted).  The Commonwealth must prove specific intent, an element of the charged offense, beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 315-16 (1979); In re Winship, 397 U.S. 358, 363 (1970).

When the Commonwealth's evidence "is wholly circumstantial, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'"  Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)).  "Where inferences are relied upon to establish guilt, they must point to guilt so clearly that any other conclusion would be inconsistent

therewith."  Dotson v. Commonwealth, 171 Va. 514, 518, 199 S.E. 471, 473 (1938).

The principle is well established in Virginia that the relatively small quantity of cocaine warrants the inference that Drummond possessed it for his personal use.  See Dukes, 227 Va. at 122-23, 313 S.E.2d at 383-84.  No other evidence indicated an intent to distribute.  "The mode of packaging [of the cocaine] and the way the packages were hidden are as consistent with possession for personal use as they are with intent to distribute."  Id. at 123, 313 S.E.2d at 384.  Moreover, Drummond made no statements and committed no acts that prove he intended to distribute the cocaine.  The police officer testified that the quantity of cocaine that Drummond possessed, 7.5 grams, could be purchased on the street for $750.  Although the officer's unchallenged testimony on direct examination was that the quantity Drummond possessed was not consistent with personal use, that testimony does not negate the officer's own testimony that a gram of cocaine could be purchased for $100 on the street.

Drummond had $565 in his possession.  However, that is not a large sum of money, considering that the evidence proved Drummond was arriving at a shopping center.  Only through speculation could we conclude that a connection exists between Drummond's money and his intent regarding the cocaine.  Likewise, proof that Drummond possessed two pagers, a very common device in our society, does not establish any intent regarding the cocaine.

"[C]ircumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty." Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977).

For these reasons, I would also hold that the evidence failed to prove beyond a reasonable doubt that Drummond possessed the cocaine with intent to distribute. Thus, I would reverse the conviction and remand the case on the charge of possession of cocaine.