COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Willis and Clements
Argued at Richmond, Virginia


MICHAEL LAMONT FOSTER

                                    MEMORANDUM OPINION[*] BY

v.    Record No. 0336-01-2        JUDGE JAMES W. BENTON, JR.

                                         FEBRUARY 12, 2002

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
James B. Wilkinson, Judge

Craig W. Stallard, Assistant Public Defender
(Office of the Public Defender, on brief),
for appellant.

Linwood T. Wells, Jr., Assistant Attorney
General (Randolph A. Beales, Attorney
General, on brief), for appellee.


The trial judge convicted Michael Lamont Foster of possession of cocaine with the intent to distribute in violation of Code § 18.2-248.  Foster contends the evidence was insufficient to prove intent to distribute.  We agree, and we reverse the conviction.

I.

The evidence at trial proved that Officer Jason Reese investigated a report of a suspicious man sitting on a porch and that, when he arrived at the location, he saw Foster sitting on the steps.  He detained and questioned Foster because Foster was

---

    * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

very intoxicated. After Foster gave the officer several false names and social security numbers, the officer arrested him for public drunkenness and searched him incident to that arrest. During the search, the officer seized "four individual rocks [of cocaine] packaged in four baggie corners" and one hundred and twelve dollars.

At the conclusion of the evidence, Foster's attorney argued that the evidence failed to prove intent to distribute and made a motion to strike the evidence. The trial judge ruled that by applying his "common sense" and judicial experience he did not "have any question looking at the amount of the cocaine that it's more than users have." Accordingly, he denied the motion and convicted Foster of possession of cocaine with the intent to distribute.

## II.

Foster contends the evidence failed to prove an intent to distribute and that the trial judge impermissibly relied upon his knowledge from other cases to infer an intent to distribute. The Commonwealth argues that Foster possessed an amount of cocaine greater than ordinarily used for personal use and had a "somewhat large amount of cash" in small denominations. Thus, it contends the evidence was sufficient to prove his intent to distribute the cocaine.

"[T]o convict appellant for having violated Code § 18.2-248, [the Commonwealth] was required to prove beyond a reasonable doubt

-

that appellant knowingly possessed cocaine with the intent to distribute it."  Wilson v. Commonwealth, 16 Va. App. 213, 219, 429 S.E.2d 229, 233 (1993).

> If evidence of intent is wholly circumstantial, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence."  When the proof of intent to distribute narcotics rests upon circumstantial evidence, the quantity which the defendant possesses is a circumstance to be considered.  Indeed, quantity, alone, may be sufficient to establish such intent if it is greater than the supply ordinarily possessed for one's personal use.  However, possession of a small quantity creates an inference that the drug was for the personal use of the defendant.

Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984) (citations omitted).

No evidence in this record explains the significance of "four individual rocks packaged in four baggie corners," which had a total weight of 2.6 grams.  "Existence of the intent [to distribute] cannot be based upon surmise or speculation."  Patterson v. Commonwealth, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975).  No testimony established facts that would allow a trier of fact to discern whether the packaging or amount was indicative of personal use or intent to distribute.  See Wells v. Commonwealth, 2 Va. App. 549, 552-53, 347 S.E.2d 139, 141 (1986).  Likewise, no testimony establishes that "four twenties, two tens, two fives, and two one dollar bills" was an unusual

-

manner to have the cash or was so large an amount as to be manifestly greater than an individual might ordinarily possess. Based on the evidence in the record, "[i]t is just as plausible that [Foster] . . . purchased the packaged substance for personal use as it is that . . . [he] packaged [it] . . . for distribution."  Dukes, 227 Va. at 123, 313 S.E.2d at 384.

We agree with Foster that the trial judge impermissibly relied upon his own knowledge of proof in other cases to infer an intent to distribute.

> While courts take judicial notice of such facts as are commonly known from human experience, "facts which are not judicially cognizable must be proved, even though known to the judge or to the court as an individual.  In other words, the individual and extrajudicial knowledge on the part of a judge will not dispense with proof of facts not judicially cognizable, and cannot be resorted to for the purpose of supplementing the record."

Darnell v. Barker, 179 Va. 86, 93, 18 S.E.2d 271, 275 (1942) (citation omitted).

For these reasons, we hold that the evidence failed to prove beyond a reasonable doubt that Foster possessed the cocaine with the intent to distribute.  Therefore, we reverse the conviction.

Reversed.

-