COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Frank and Senior Judge Bray
Argued at Chesapeake, Virginia


GLENN GRAAD GREGORY
                                   MEMORANDUM OPINION* BY
v.    Record No. 0441-02-1          JUDGE ROBERT P. FRANK
                                      FEBRUARY 11, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                       Robert W. Curran, Judge

            Richard C. Kerns for appellant.

            Eugene Murphy, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            brief), for appellee.


     Glenn Graard Gregory (appellant) was convicted in a bench

trial of possession with the intent to distribute cocaine, in

violation of Code § 18.2-248.  On appeal, he contends the trial

court erred in finding the evidence sufficient to show he intended

to distribute the drugs.  For the reasons stated, we affirm.

     The standard of review in sufficiency cases is well

established.

            In reviewing the sufficiency of the
            evidence, we examine the record in the light
            most favorable to the Commonwealth, granting
            to it all reasonable inferences fairly
            deducible therefrom.  See Martin v.
            Commonwealth, 4 Va. App. 438, 443, 358
            S.E.2d 415, 418 (1987).  The judgment of a

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

> trial court will be disturbed only if
> plainly wrong or without evidence to support
> it. See id. The credibility of a witness,
> the weight accorded the testimony, and the
> inferences to be drawn from proved facts are
> matters to be determined by the fact finder.
> See Long v. Commonwealth, 8 Va. App. 194,
> 199, 379 S.E.2d 473, 476 (1989).

Glasco v. Commonwealth, 26 Va. App. 763, 773, 497 S.E.2d 150, 155 (1998), aff'd on alt. grounds, 257 Va. 433, 513 S.E.2d 137 (1999).

In this case, appellant specifically argues the evidence of intent to distribute, an essential element of the crime, was insufficient.

> Where an offense consists of an act combined
> with a particular intent, proof of the
> intent is essential to the conviction.
> Patterson v. Commonwealth, 215 Va. 698, 699,
> 213 S.E.2d 752, 753 (1975). Because direct
> proof of intent is often impossible, it must
> be shown by circumstantial evidence. But
> "[w]here . . . the Commonwealth's evidence
> of intent to distribute is wholly
> circumstantial, 'all necessary circumstances
> proved must be consistent with guilt and
> inconsistent with innocence and exclude
> every reasonable hypothesis of innocence.'"
> Wells v. Commonwealth, 2 Va. App. 549, 551,
> 347 S.E.2d 139, 140 (1986) (quoting Inge v.
> Commonwealth, 217 Va. 360, 366, 228 S.E.2d
> 563, 567 (1976)).

Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988).

When the proof of intent to distribute is based upon circumstantial evidence, as it is here, the quantity possessed is "a circumstance to be considered." Dukes v. Commonwealth,

-

227 Va. 119, 122, 313 S.E.2d 382, 383 (1984). "Indeed, quantity, when greater than the supply ordinarily possessed by a narcotics user for his personal use, is a circumstance which, standing alone, may be sufficient to support a finding of intent to distribute." Hunter v. Commonwealth, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973). Other factors to consider include the manner in which the drugs are packaged, the presence of a large amount of cash or firearms, and the presence of equipment related to drug distribution. See, e.g., Dukes, 227 Va. at 123, 313 S.E.2d at 384 (the manner in which marijuana was packaged); Colbert v. Commonwealth, 219 Va. 1, 3-4, 244 S.E.2d 748, 749 (1978) (the packaging of the recovered marijuana and the discovery of over $200 in cash); Wells v. Commonwealth, 32 Va. App. 775, 782-83, 531 S.E.2d 16, 19 (2000) (evidence of drug distribution paraphernalia and of a large amount of cash); Clarke v. Commonwealth, 32 Va. App. 286, 305, 527 S.E.2d 484, 493 (2000) (place where the drugs were found and the presence of a pistol). Additional factors include a defendant's use of drugs, see, e.g., Poindexter v. Commonwealth, 16 Va. App. 730, 735, 432 S.E.2d 527, 530 (1993), and the absence of evidence suggesting personal use, see, e.g., Clarke, 32 Va. App. at 305, 527 S.E.2d at 493.

Appellant does not challenge the finding that he possessed cocaine. Instead, he contends the evidence was insufficient to establish any intent to distribute the drug. However,

-

consideration of the entirety of the evidence supports the trial court's finding of guilt.

Appellant contends the 6.4 grams of cocaine found in his pocket were for personal use. However, the expert testimony and the physical evidence support the court's finding of an intent to distribute.

The cocaine, worth approximately $640, consisted of "one large rock" and several smaller pieces. The police found the cocaine in appellant's pocket, together with $135 in cash. Appellant had ten dollars in his other pants pocket. Appellant had a pager on his waistband. In the room where the police found appellant, they also found, in plain view, a digital scale with a razor blade on top. The Commonwealth's expert testified that the quantity of cocaine was inconsistent with personal use. The only evidence to support the appellant's claim of personal drug use was the smoking stems found upstairs. The police found no paraphernalia for personal drug use near appellant.

Although appellant provided explanations for his possession, the fact finder chose not to believe him. Based on the totality of the circumstances, the trial court could reasonably conclude appellant did intend to distribute cocaine. See Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982). We find the evidence was sufficient to convict and affirm the conviction.

                                              Affirmed.

-