COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judges Frank and McClanahan
Argued at Richmond, Virginia


STANLEY LEON ROBINSON
                                                    MEMORANDUM OPINION[*] BY
v.         Record No. 0210-08-2                     JUDGE ROBERT P. FRANK
                                                       FEBRUARY 10, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Bradley B. Cavedo, Judge

Catherine S. Rusz, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Rosemary V. Bourne, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Stanley Leon Robinson, appellant, was convicted, in a bench trial, of possession of

cocaine with the intent to distribute in violation of Code § 18.2-248.[1]  On appeal, he contends the

evidence was insufficient to support his conviction.  Finding no error, we affirm the judgment of

the trial court.

When faced with a challenge to the sufficiency of the evidence, we "presume the

judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly

wrong or without evidence" to support it.  Kelly v. Commonwealth, 41 Va. App. 250, 257, 584

S.E.2d 444, 447 (2003) (*en banc*) (citations omitted).  A reviewing court does not "'ask itself

whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'"

Stevens v. Commonwealth, 46 Va. App. 234, 249, 616 S.E.2d 754, 761 (2005) (*en banc*)

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant does not contest that he possessed the cocaine.

(quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)) (emphasis in original), aff'd, 272 Va. 481, 634 S.E.2d 305 (2006). We ask only whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Kelly, 41 Va. App. at 257, 584 S.E.2d at 447). "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

"Because direct proof of intent is often impossible, it must be shown by circumstantial evidence." Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). "When the proof of intent to distribute narcotics rests upon circumstantial evidence, the quantity which the defendant possesses is a circumstance to be considered. Indeed, quantity, alone, may be sufficient to establish such intent if it is greater than the supply ordinarily possessed for one's personal use." Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984). Likewise, "possession of a small quantity creates an inference that the drug was for the personal use of the defendant." Id. (citing Dutton v. Commonwealth, 220 Va. 762, 765, 263 S.E.2d 52, 54 (1980)). Moreover, circumstantial proof of a defendant's intent includes the presence or absence of drug paraphernalia. Shackleford v. Commonwealth, 32 Va. App. 307, 326-27, 528 S.E.2d 123, 133 (2000). Expert testimony, usually that of a police officer familiar with narcotics, is routinely offered to prove the significance of the quantity and packaging of drugs regarding whether it is for personal use. Id.

> Because the facts and circumstances in each drug-related case
> vary, no uniform standard exists to differentiate an amount that is
> always for personal use or for distribution. While many states
> have chosen to differentiate between the severity or degree of the

> offense based upon the amount in one's possession, Virginia recognizes that a drug dealer may not always possess a large amount of the illegal contraband. Thus, proof of whether one possesses drugs for personal use or for distribution depends on the facts of each case.

Askew v. Commonwealth, 40 Va. App. 104, 110, 578 S.E.2d 58, 61 (2003). The credibility of the expert witness and the weight to be accorded the evidence are matters solely within the province of the fact finder. Lemond v. Commonwealth, 19 Va. App. 687, 694, 454 S.E.2d 31, 35 (1995).

In accord with settled standards of appellate review, we view the evidence in the light most favorable to the Commonwealth, the party prevailing below. Yopp v. Hodges, 43 Va. App. 427, 430, 598 S.E.2d 760, 762 (2004).

Officer Stephanie Davis of the Richmond Police Department arrested appellant on charges unrelated to this appeal. She believed that at that time, appellant was under the influence of alcohol and "other stimulants." She characterized appellant as "extremely upset," noting that he was "screaming, talking very high." While in the city lock-up, Officer Duke Armistead recovered 3.326 grams of crack cocaine from appellant's pants pocket. The cocaine was separated into three pieces: one large unwrapped piece and two smaller wrapped pieces. Appellant was unemployed at the time.

At trial, the court accepted Officer Armistead as an expert witness in "narcotics and packaging of illegal substances." Armistead testified that the street value of appellant's cocaine was over $300. He added that a typical crack cocaine user purchases a piece of crack weighing either 0.1 or 0.2 gram. The rocks in appellant's pocket were substantially larger than the average rock, being more characteristic of the size he normally recovers from crack dealers. Armistead stated that the total street dosage in appellant's possession was between sixteen and thirty-three packages. He stated that users do not stockpile their drugs; they typically use the product as soon

as it is purchased. In acknowledging that the product was not prepackaged for sale, Armistead explained,

> The reason it's maintained in that large rock is in case he has to throw it. The large rock is the actual evidence - is the actual aftermath after it's been cooked up. Now, he is going to break it down off and break it up to bag it up.

He opined that the amount of crack recovered was inconsistent with personal use.

Armistead also stated that a long-time chronic crack user would exhibit physical signs of distress such as weight loss and charred fingers and blistered lips from using a hot metal smoking device. Appellant showed none of these symptoms. In fact, no smoking device was found on appellant.

Appellant testified that the cocaine was for his personal use and that he spends between $200 to $300 for crack cocaine every other day. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Furthermore, "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). In finding appellant guilty, the court stated to appellant, "[B]ased on your felony convictions and your misdemeanor convictions from crimes of moral turpitude, I have to conclude that your explanation of the basis for having this weight is just not credible . . . and I find your testimony along those lines to be not credible."

Appellant argues that the absence of additional factors that have been recognized as tools of the drug trade, such as a cell phone, pager, firearm, plastic baggies or currency, gives rise to a reasonable presumption of innocence. However, we find the foregoing evidence of the amount of cocaine, the size of the unwrapped rock, the lack of a smoking device on appellant's person,

and the absence of any signs of chronic drug use, support the trial court's conclusion that appellant intended to distribute cocaine. See Hunter v. Commonwealth, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973) (holding that proof that quantity possessed exceeds that normally intended for personal use, without more, is sufficient to show intent to distribute).

## CONCLUSION

For the foregoing reasons, we find the trial court did not err in convicting appellant of possession of cocaine with the intent to distribute. Accordingly, appellant's conviction is affirmed.

Affirmed.