COURT OF APPEALS OF VIRGINIA


Present:   Judges Beales, Powell and Senior Judge Clements
Argued at Richmond, Virginia


KEON KEARNEY

MEMORANDUM OPINION[*] BY
v.        Record No. 2572-07-2          JUDGE RANDOLPH A. BEALES
FEBRUARY 10, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Richard D. Taylor, Jr., Judge

Darryl A. Parker for appellant.

Rosemary V. Bourne, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


The trial judge convicted Keon Kearney (appellant) of possession of cocaine with intent

to distribute, in violation of Code § 18.2-248.  Appellant challenges his conviction on two

grounds.  First, he argues the trial court improperly admitted into evidence the drugs attributable

to him and the corresponding certificate of analysis, because of an alleged break in the chain of

custody.  Second, he argues the evidence was insufficient to prove beyond a reasonable doubt

that he had the required intent to distribute.  For the following reasons, we affirm.

I. BACKGROUND

On the evening of December 12, 2005, City of Richmond Police Detective Kevin Mills[1]

patrolled the Whitcomb Court area of the city.  Mills observed a group of ten to fifteen males

standing on the sidewalk.  This group included appellant.  Mills instructed the group to move on,

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Officer Mills was initially accompanied by his field trainee.

and the males dispersed. Mills then examined the area. Under a red box that he believed contained natural gas pipes, Mills found a folded piece of notebook paper; inside the paper were off-white crack cocaine rocks packaged in ten "clear little plastic baggie corners." Mills took the contraband and hid across the street from the red box to see if anyone would come back for the contraband. Approximately two minutes later, appellant returned to the area, bent down under the red box several times, and yelled, "Where's my s**t?" Some of the other males whom Mills had dispersed returned to the area. Appellant exchanged words with one of them, who looked in the direction where Mills had been, and then looked back in the direction of appellant. Appellant then yelled, "They took my s**t." At that point, Mills emerged from his hidden position, approached appellant, and arrested him.

At trial, appellant objected to the admission into evidence of the cocaine retrieved by Detective Mills on December 12, 2005, and the corresponding certificate of analysis prepared by the forensic analyst, John Przybylski, on December 14, 2005. Appellant contended that the Commonwealth failed to satisfy a vital link in the chain of custody. Detective Mills testified that he placed the drugs in his pocket until he arrived at the police department's property division, where he placed the drugs in a sealed plastic bag bearing his initials. Mills testified that he personally did not deliver the drugs to the laboratory for forensic analysis. Przybylski testified that he personally was not the individual who received the evidence at the laboratory. Przybylski testified that the drugs were still in a sealed condition when he received them for analysis. Both Mills and Przybylski testified that the drugs introduced at trial appeared substantially similar to the drugs they had previously observed in this case. Finding there was a reasonable certainty that the evidence had not been altered, substituted, or contaminated prior to analysis, the trial judge overruled appellant's objection, and admitted the cocaine and certificate of analysis into evidence.

The trial judge admitted Detective Mills as an expert in street level narcotics and drug distribution. According to Mills, the ten individually wrapped rocks of crack cocaine, weighing a total of .898[2] gram, had a street value of between $100 and $200. Mills testified that, in his experience, a crack addict would possess for personal use a maximum of five similarly sized rocks, totaling approximately one-half of a gram. Although Mills considered the .898 gram of crack cocaine at issue here to be "not a lot," he testified that possession of this amount would be inconsistent with personal use. Furthermore, Mills testified that no cash or drug paraphernalia were found on appellant, and appellant did not appear to be intoxicated.

Following the denial of appellant's motion to strike at the conclusion of the Commonwealth's case-in-chief, appellant testified that he was not one of the individuals dispersed by Detective Mills and was asking his friend to give him a cigarette when the officer arrested him. The trial court denied appellant's renewed motion to strike and subsequently convicted appellant, finding the Commonwealth had demonstrated appellant's constructive possession of the cocaine and appellant's intent to distribute.

## II. ANALYSIS

### A. CHAIN OF CUSTODY

Appellant argues that a break in the chain of custody rendered the Commonwealth unable to prove the authenticity of the drugs or the propriety of the certificate of analysis entered into evidence at trial. Appellant claims that this break in the chain of custody occurred because Detective Mills was not the police officer who transported the drug evidence to the forensic

---

[2] Officer Mills testified that the drug weight was .899 gram, but the certificate of analysis stated the cocaine weighed .898 gram.

laboratory and Przybylski was not the individual who initially received the evidence at the laboratory.[3]

The purpose of the chain of custody rule is to establish that the evidence obtained by the police was the same evidence tested at the laboratory. See Robertson v. Commonwealth, 12 Va. App. 854, 857, 406 S.E.2d 417, 419 (1991). "[W]here the substance analyzed has passed through several hands the evidence must not leave it to conjecture as to who had it and what was done with it between the taking and the analysis." Rodgers v. Commonwealth, 197 Va. 527, 531, 90 S.E.2d 257, 259-60 (1955). However, "[t]he Commonwealth is not required to exclude every conceivable possibility of substitution, alteration, or tampering." Pope v. Commonwealth, 234 Va. 114, 129, 360 S.E.2d 352, 357 (1987). "All that is required in order to establish a chain of custody is that the Commonwealth's evidence 'afford[s] reasonable assurance that the exhibits at trial are the same and in the same condition as they were when first obtained.'" Id. at 114, 360 S.E.2d at 357 (quoting Smith v. Commonwealth, 219 Va. 554, 559, 248 S.E.2d 805, 808 (1978)). Whether there exists a sufficient evidentiary foundation establishing a chain of custody is a question within the trial court's sound discretion. See Anderson v. Commonwealth, 274 Va. 469, 479, 650 S.E.2d 702, 708 (2007), cert. denied, 128 S. Ct. 2473 (2008).

Robinson v. Commonwealth, 212 Va. 136, 183 S.E.2d 179 (1971), instructs us to focus on vital links in the chain of custody. The requirement of reasonable assurance that exhibits at trial are the same and in the same condition as they were when first obtained "'is not met when some vital link in the chain of possession is not accounted for, because then it is as likely as not that the evidence analyzed was not the evidence originally received.'" Id. at 138, 183 S.E.2d at

---

[3] Appellant also attempts to argue on appeal that the alleged break in the chain of custody implicated Code § 19.2-187.1. However, appellant failed to reference Code § 19.2-187.1 at trial, see Rule 5A:18, and no question presented was granted concerning this section. See Rule 5A:12(c). Therefore, because this issue is not properly before this Court on appeal, we decline to address the applicability, or lack thereof, of Code § 19.2-187.1 to the merits of this appeal.

180 (quoting People v. Riser, 305 P.2d 1, 10 (Cal. 1957)). A vital link in the chain of possession was unaccounted for in Robinson, where only the investigating officer who received the evidence – and not the nurse and another officer who collected the evidence – testified at trial. Id. at 137-38, 183 S.E.2d at 180-81. The Supreme Court could not "assume that these exhibits were properly handled" because the Commonwealth "failed to establish this vital link in the chain of possession." Id. at 138, 183 S.E.2d at 181.

Here, conversely, the Commonwealth at trial accounted for all vital links in the chain of custody. Detective Mills collected the drug evidence, and Przybylski analyzed it and prepared the certificate of analysis. When he last saw the evidence prior to trial, Mills had left it in a sealed condition with his initials affixed; to that end, Mills's testimony "set forth the extensive procedures [he used] for identifying, packaging, and securing the [evidence]." Dotson v. Petty, 4 Va. App. 357, 363, 358 S.E.2d 403, 406 (1987). Likewise, Przybylski testified that, when he first encountered the drug evidence at the laboratory, he received it in a sealed condition. When he viewed the drugs at trial, Przybylski testified that he did not discern any noticeable difference in their condition from when he had them in his personal custody for analysis. He testified that the handling of the drugs conformed to the procedures employed by the Department of Forensic Science. On the facts before us, we find the Commonwealth afforded reasonable assurance that the drug evidence introduced at trial was the same and in the same condition as it was when first obtained by Detective Mills. Therefore, we cannot say as a matter of law that the chain of custody was insufficient, and we find no abuse of discretion in the trial court's admission of the drug evidence and the corresponding certificate of analysis.

## B. INTENT TO DISTRIBUTE

Appellant also argues the Commonwealth failed to prove beyond a reasonable doubt that he intended to distribute the cocaine rocks retrieved by Detective Mills.

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)). See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

Code § 18.2-248 prohibits the possession of a controlled substance with a contemporaneous intent to distribute. See Williams v. Commonwealth, 52 Va. App. 194, 201, 662 S.E.2d 627, 630 (2007). On brief, appellant assumes *arguendo* that he constructively possessed the crack cocaine, but argues there was insufficient evidence of intent to distribute. The Commonwealth offered no direct evidence of appellant's intent to distribute. Because of the difficulty of proving intent directly, the Commonwealth may, and often must, rely instead on circumstantial evidence. Id.

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). In cases lacking direct evidence of drug distribution, intent to distribute "must be shown by

- 6 -

circumstantial evidence," Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165, (1988), such as a person's conduct and statements, Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989). Circumstances that shed light on the accused's specific intent regarding illegal drugs in his possession include the quantity and method of packaging of the drugs possessed by him and the presence or absence of drug paraphernalia. Shackleford v. Commonwealth, 32 Va. App. 307, 327, 528 S.E.2d 123, 133 (2000). "'Possession of a quantity greater than that ordinarily possessed for one's personal use may be sufficient to establish an intent to distribute it.'" Gregory v. Commonwealth, 22 Va. App. 100, 110, 468 S.E.2d 117, 122 (1996); see also Hunter v. Commonwealth, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973) (holding that proof that the quantity of drugs possessed exceeds an amount normally possessed for personal use, without more, can be sufficient to show an intent to distribute).

Appellant argues that Dukes v. Commonwealth, 227 Va. 119, 313 S.E.2d 382 (1984), compels reversal. There, the defendant was a civilian employee at a military installation when Naval officers searched the facility for narcotics pursuant to a warrant. As a result of the search, three one-inch square manila envelopes containing marijuana were found on appellant's person. Id. at 121-22, 313 S.E.2d at 383. The Supreme Court held that, although the defendant conceded the evidence was sufficient to prove possession of marijuana, there was insufficient evidence to establish that she possessed the drug with the intent to distribute. The Court found that "the relatively small quantity of marijuana in the defendant's possession warrant[ted] the inference that it was for her personal use." Id. at 122, 313 S.E.2d at 383. Furthermore, the Court found that the Commonwealth was unable to overcome this inference with circumstantial evidence that the marijuana was packaged to facilitate distribution, that the defendant possessed no drug paraphernalia when arrested, and that there was no evidence that she had used marijuana prior to being arrested. Id. at 122-23, 313 S.E.2d at 384. Because these circumstantial factors were

deemed insufficient to support a conviction for possession with intent to distribute in <u>Dukes</u>,
appellant argues, they should not have supported his conviction here.

A close reading of <u>Dukes</u> and a review of the evidence adduced at trial here dictate that
<u>Dukes</u> does not control in this case. Although appellant claims that he, like Dukes, possessed a
relatively small amount of contraband, thus creating an inference of personal use, such is not the
case here. Officer Mills, the Commonwealth's expert witness, testified that the .898 gram of
crack cocaine at issue here, though not a large quantity, constituted a quantity *inconsistent* with
personal use. Detective Mills's "expert testimony about the 'factors he considered are
inconsistent with personal use can be considered by the fact finder together with other evidence
to determine whether the Commonwealth's evidence proves beyond a reasonable doubt the intent
to distribute.'" <u>Williams</u>, 52 Va. App. at 203, 662 S.E.2d at 632 (quoting <u>Askew v.
Commonwealth</u>, 40 Va. App. 104, 110, 578 S.E.2d 58, 61 (2003)). The fact finder was entitled
to consider Mills's expert testimony concerning drug quantity, together with other pieces of
circumstantial evidence, such as the packaging of drugs and the absence of drug paraphernalia, in
determining whether appellant had the specific intent to distribute. <u>See</u> <u>Askew</u>, 40 Va. App. at
110, 578 S.E.2d at 61. Such additional circumstantial factors failed to support the conviction in
<u>Dukes</u> only when applied to the particular facts of that case, where, as noted above, no evidence
established that the quantity of marijuana seized from her was inconsistent with personal use.

"When a defendant challenges on appeal the sufficiency of the evidence to sustain his
conviction, the appellate court has a duty to examine all the evidence that tends to support the
conviction." <u>Bolden v. Commonwealth</u>, 275 Va. 144, 147, 654 S.E.2d 584, 586, <u>cert. denied</u>,
129 S. Ct. 284 (2008). Here, ample evidence tended to support appellant's conviction for
possession of cocaine with intent to distribute. As discussed above, Detective Mills's expert
testimony indicated that the .898 gram of crack cocaine found at the scene was inconsistent with

personal use. Appellant's conduct and statements evinced a proprietary interest in the contraband, yet he did not possess any drug paraphernalia indicative of personal use. See Welshman v. Commonwealth, 28 Va. App. 20, 37, 502 S.E.2d 122, 130 (1998) (*en banc*) (stating "the absence of any paraphernalia suggestive of personal use . . . [is] regularly recognized as [a] factor [] indicating an intent to distribute"). Appellant did not appear to be under the influence of drugs at the time of his arrest, and the drugs were stored in an obscure place, rather than on appellant's person or even in his home. They were also individually packaged in ten plastic baggie corners. See Craddock v. Commonwealth, 40 Va. App. 539, 554, 580 S.E.2d 454, 458 (2003) (noting expert testimony that "each of the twelve rocks of crack had been 'individually packaged,' indicating that the cocaine could be sold in small, individual quantities"). Furthermore, although appellant did not carry an unusual amount of cash at the time of his arrest, this fact was actually consistent with Detective Mills's experience that, around the time period of appellant's arrest in 2005, he interacted with drug dealers who did not carry unusual amounts of cash.

When all of these circumstantial factors are considered together in the light most favorable to the Commonwealth, a rational fact finder could indeed determine that sufficient evidence established appellant's specific intent to distribute the cocaine.

III. CONCLUSION

For the foregoing reasons, we affirm appellant's conviction.

Affirmed.