COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Frank and McClanahan
Argued at Richmond, Virginia


CLAYTON DEMOND WYATT

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2328-07-2                     JUDGE ROBERT P. FRANK
                                                         FEBRUARY 10, 2009
COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                              Walter W. Stout, III, Judge

            Catherine S. Rusz, Assistant Public Defender (Office of the Public
            Defender, on brief), for appellant.

            Kathleen B. Martin, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Clayton Demond Wyatt was convicted, in a bench trial, of possession of cocaine with the

intent to distribute in violation of Code § 18.2-248 and possession of cocaine with the intent to

distribute on public property within 1,000 feet of a day care center, in violation of Code

§ 18.2-255.2.  On appeal, he challenges the sufficiency of the evidence to prove his intent to

distribute the cocaine, contending the trial court erred in concluding all forty-seven similar bags

recovered from appellant contained cocaine, even though only five of the bags were analyzed and

found to be cocaine.  For the reasons stated, we affirm.[1]

                                        BACKGROUND

        The facts are uncontroverted.  On April 1, 2007, police observed a baggie drop from

appellant's hand.  The baggie contained forty-seven individual plastic bags of "off-white powder

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant does not contest he possessed cocaine.

chunks." All forty-seven bags were taken to the Department of Forensic Science for analysis. The lab analyzed five of the forty-seven individual bags. The lab determined the five bags contained 7.5 grams of cocaine, or slightly more than half of the total amount. The contents of the remaining forty-two bags were not analyzed although their gross weight, "including innermost packaging," was 7.21 grams. The certificate described the material as "forty-seven plastic bags containing off-white powder chunks."

Detective Todd Bevington, who qualified without objection as an expert in street level distribution of narcotics, testified that cocaine is most commonly packaged for distribution in plastic baggie corners, such as those recovered from appellant. Bevington said the average weight of a "single hit of cocaine" was approximately one-fifth of a gram and commonly sold for $20. He further stated a "high end" average user would consume five or six rocks, or approximately one gram, per day. Bevington testified that the most anyone had ever told him they would use in a day would be five to six rocks. Although Bevington acknowledged 7.5 grams would last about one week if used by one person, he testified that having that amount at one time would be inconsistent with personal use.

In his motion to strike, appellant contended the Commonwealth had not proved that all forty-seven bags contained cocaine. Appellant further argued that the amount of cocaine in the five bags that were analyzed was not sufficient to prove intent to distribute.

The Commonwealth responded that the five bags that were tested were indistinguishable from the forty-two bags that were not analyzed. The Commonwealth further argued that even if only the five tested bags were considered, the amount, 7.5 grams, was still inconsistent with personal use.

In denying the motion to strike, the trial court stated:

> The lab reports 47 plastic bags containing off-white powder
> chunks. They are all described as off-white powder chunks.

It is easy for the court and anyone else who is looking to view the packaging, they are individually packaged chunks, all of the same or similar size, color, weight. And 5 of those, I gather, were randomly picked and analyzed and proved to be 7.5 grams of cocaine. The rest of them were not tested. It amounts to 7.21 grams, including the packaging.

The packages are clear plastic baggies. It is obvious to see how similar these look.

\* \* \* \* \* \* \*

The lab doesn't have to waste its resources analyzing every piece, if they have the ability to look and see the similarities in color, weight, size, packaging, that you can make the assumption that the balance are also cocaine.

The court concluded it would consider all forty-seven bags and that "47 [are] far in excess of anything that would be for personal use."

This appeal follows.

ANALYSIS

Appellant's sufficiency argument is limited to his contention that the trial court erred in considering the untested forty-two bags in its finding that appellant possessed the cocaine with the intent to distribute. Essentially, appellant argues that the trial court had no basis to infer the untested bags contained cocaine.

However, we need not address this issue, because we conclude that the evidence concerning the five bags that were analyzed is sufficient in itself to prove appellant possessed the cocaine with the intent to distribute. See Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (*en banc*) (an appellate court decides cases on the best and most narrow ground available).

When faced with a challenge to the sufficiency of the evidence, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence" to support it. Kelly v. Commonwealth, 41 Va. App. 250, 257, 584

S.E.2d 444, 447 (2003) (*en banc*) (citations omitted).  A reviewing court does not "'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'"  Stevens v. Commonwealth, 46 Va. App. 234, 249, 616 S.E.2d 754, 761 (2005) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)) (emphasis in original), aff'd, 272 Va. 481, 634 S.E.2d 305 (2006).  We ask only whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  Id. (quoting Kelly, 41 Va. App. at 257, 584 S.E.2d at 447).  "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'"  Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319).  Thus, we do not "substitute our judgment for that of the trier of fact," even if our opinion were to differ.  Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

"Because direct proof of intent is often impossible, it must be shown by circumstantial evidence."  Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988).  "When the proof of intent to distribute narcotics rests upon circumstantial evidence, the quantity which the defendant possesses is a circumstance to be considered.  Indeed, quantity, alone, may be sufficient to establish such intent if it is greater than the supply ordinarily possessed for one's personal use."  Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984).  Likewise, "possession of a small quantity creates an inference that the drug was for the personal use of the defendant."  Id. (citing Dutton v. Commonwealth, 220 Va. 762, 765, 263 S.E.2d 52, 54 (1980)).  Moreover, circumstantial proof of a defendant's intent includes the presence or absence of drug paraphernalia.  Shackleford v. Commonwealth, 32 Va. App. 307, 326-27, 528 S.E.2d 123, 133 (2000).  Expert testimony, usually that of a police officer familiar with narcotics, is

routinely offered to prove the significance of the quantity and packaging of drugs regarding whether it is for personal use. Id.

> Because the facts and circumstances in each drug-related case vary, no uniform standard exists to differentiate an amount that is always for personal use or for distribution. While many states have chosen to differentiate between the severity or degree of the offense based upon the amount in one's possession, Virginia recognizes that a drug dealer may not always possess a large amount of the illegal contraband. Thus, proof of whether one possesses drugs for personal use or for distribution depends on the facts of each case.

Askew v. Commonwealth, 40 Va. App. 104, 110, 578 S.E.2d 58, 62 (2003).

The "'credibility of the expert witness and the weight to be accorded the evidence,'" moreover, are matters solely "'within the province'" of the fact finder. Lemond v. Commonwealth, 19 Va. App. 687, 694, 454 S.E.2d 31, 35 (1995) (quoting Horsley v. Commonwealth, 2 Va. App. 335, 339, 343 S.E.2d 389, 391 (1986)).

In determining appellant's guilt, the trial court considered the additional forty-two bags (7.21 grams) for a total amount of 14.71 grams. Nevertheless, we conclude the trial court's sufficiency finding was correct, albeit for the wrong reasons.

> An appellate court cannot vacate a criminal conviction that violates no recognizable legal principle simply on the ground that the prosecutor (or, for that matter, the trial judge) did not articulate the proper legal basis for it. Thus, an appellee may argue for the first time on appeal any legal ground in support of a judgment so long as it does not require new factual determinations, see [Harris v. Commonwealth,] [670,] 676, 576 S.E.2d [228,] 231[(2003) (*en banc*)], or involve an affirmative defense that must be "asserted in the pleadings," Eason v. Eason, 204 Va. 347, 352, 131 S.E.2d 280, 283 (1963), or serve as a subterfuge for a constitutionally prohibited cross-appeal in a criminal case, Hart v. Commonwealth, 221 Va. 283, 290, 269 S.E.2d 806, 811 (1980).

Blackman v. Commonwealth, 45 Va. App. 633, 642, 613 S.E.2d 460, 465 (2005).

At trial, Detective Bevington, an expert in street level distribution of narcotics, testified that the 7.5 grams of cocaine (contained in the five bags analyzed) was inconsistent with

personal use. The average weight of a "single hit of cocaine" was approximately one-fifth of a gram and commonly sold for $20. A "high end" average user would consume five or six rocks, approximately one gram, per day. The detective also noted drugs used for sale are commonly packaged in plastic baggie corners, as was the cocaine possessed by appellant.

In this case, the Commonwealth argued at trial, and its expert testified, that the 7.5 grams, based on the packaging and amount, was sufficient to prove appellant's intent to distribute. See Hunter v. Commonwealth, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973) (holding that proof that quantity possessed exceeds that normally intended for personal use, without more, is sufficient to show intent to distribute). No additional factual determination is necessary.

CONCLUSION

The evidence is sufficient to prove appellant possessed 7.5 grams of cocaine with the intent to distribute. The judgment of the trial court is affirmed.

Affirmed.